UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARGARET GENTILE )<br>    Plaintiff                                              )<br>                                                           )<br>v.                                                         )<br>CREDITORS INTERCHANGE RECEIVABLE )<br>MANAGEMENT, LLC                    )<br>    Defendant                                      )<br> | CIVIL ACTION<br><br>TRIAL BY JURY<br>DEMANDED<br><br><br><br>MAY 10, 2011 |

## COMPLAINT

1. This is a suit brought by a consumer who has been harassed by the defendant collection agency. This action is for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.,* and includes a pendent claim brought under State law for violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-110a *et seq.*

2. Plaintiff, Margaret Gentile, is a natural person residing in East Windsor, Connecticut and is a consumer as defined by the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692a(3).

3. Defendant, Creditors Interchange Receivable Management, LLC ("Creditors Interchange"), is a Delaware corporation and is licensed by the Connecticut Department of Banking as a Consumer Collection Agency and is a debt collector as defined by FDCPA § 1692a(6).

4. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1367.

5. This Court has jurisdiction over Creditors Interchange because it engages in debt collection within Connecticut.

6. Venue in this Court is proper, because the Plaintiff is a resident and the acts complained of occurred in this state.

7. Creditors Interchange claimed Plaintiff owed a debt on a consumer account that had been assigned to Creditors Interchange for collection purposes (the "Account").

8. On or around April 12, 2011, a Creditors Interchange representative called and spoke with Plaintiff in an attempt to collect the aforementioned debt, and during that conversation, Plaintiff attempted to inform him that she was filing for bankruptcy and to provide him with contact information for her bankruptcy attorney; the representative cut Plaintiff off as she was attempting to provide him with this information, and he told her that filing for bankruptcy was a bad idea because, if she filed, then she would end up owing more on the Account and her credit would be ruined for ten years, and once he had that contact information, he would not be able to offer her a chance to settle the Account.

9. Creditors Interchange violated the FDCPA and CUTPA by its collection activities described above.

WHEREFORE, the Plaintiff seeks from Creditors Interchange recovery of actual damages pursuant to 15 U.S.C. § 1692k; statutory damages pursuant to 15 U.S.C. § 1692k; attorney's fees and costs pursuant to 15 U.S.C. § 1692k; actual damages, punitive damages, and attorney's fees and costs pursuant to Conn. Gen. Stat. § 42-110g; and such other relief as this Court deems appropriate.

        **PLAINTIFF, MARGARET GENTILE**


    By: <u>/s/Daniel S. Blinn</u>_____
       Daniel S. Blinn, Fed Bar No. ct02188
       Matthew W. Graeber, Fed Bar No. ct27545
       dblinn@consumerlawgroup.com
       Consumer Law Group, LLC
       35 Cold Spring Rd., Suite 512
       Rocky Hill, CT  06067
       Tel. (860) 571-0408; Fax (860) 571-7457